Cosmo Venanzio, Petitioner *v.* Workmen's Compensation Appeal Board (Eastern Express), Respondents.

Argued November 15, 1984, before Judges WILLIAMS, JR. and DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*Amiel B. Caramanna, Jr.,* with him, *Alexander J. Pentecost,* for petitioner.

*Theodore E. Breault,* for respondent, Eastern Express, Inc.

OPINION BY JUDGE DOYLE, March 11, 1985:

Cosmo Venanzio (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision lifting the suspension of Claimant's total disability benefits.

Claimant suffered a work-related injury to his low back on January 7, 1975. On February 3, 1975, his employer, Eastern Express Incorporated (Employer) filed a Notice of Compensation Payable, instituting payment of total disability benefits. On February 11, 1976, Employer filed a Petition for Termination on the grounds that Claimant's disability had ceased. Following a hearing on that petition, a referee suspended Claimant's benefits as of January 29, 1976. Claimant appealed to the Board and the decision was upheld. On October 23, 1981, Claimant filed a petition requesting that his benefits be renewed on the grounds that he was now totally disabled. Another hearing was held, following which the suspension of benefits was lifted by the same referee who had imposed it. Employer appealed this decision to the Board, contending that Claimant had not met his burden of demonstrating a change in his condition since the prior decision of the referee as is required for a reinstatement of benefits pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. The Board agreed and reversed the referee.

Claimant now alleges that the testimony of his treating physician, Dr. David Steele, was sufficient to establish that following the suspension of Claimant's

benefits, the nature of his condition changed from a soft tissue injury to a degenerative disc problem. We agree. Furthermore, we conclude that it was not necessary for Claimant to establish this type of change. Claimant's benefits were never terminated; they were merely *suspended*. Although the reason for the suspension is not clearly stated in the referee's decision, the testimony indicates that both Claimant and Employer planned for the former to attempt to resume his position as a truck driver. Unfortunately, the matter became somewhat confused by the fact that Claimant never did return to work, apparently because his physical condition prevented him.

Not only the Board, but both Employer and Claimant as well, have treated this matter as a petition for reinstatement of terminated benefits. The confusion is understandable given the ambiguous wording of the referee's previous decision suspending compensation. Among other things, he found as a fact that Claimant could "return to his regular job of truck driver with a partial disability of an undetermined percentage not reflected in loss of earning power." The implication is that not only were Claimant's benefits suspended, but the extent of his disability was modified from total to partial as well.

In reversing the referee, the Board stated:

Dr. Steele testified that the nature of Claimant's injury had changed from soft tissue injury to evidence of disc involvement. The doctor testified that the first evidence there [sic] of disc involvement was on an examination on May 12, 1977. Dr. Steele never testified the Claimant's condition had gotten worse since the prior decision of the referee.

The Board then cited *Harris Weinstein/Clyde Shirt Co. v. Workmen's Compensation Appeal Board,*

65 Pa. Commonwealth Ct. 598, 443 A.2d 857 (1982), for the "general rule" placing the burden on a claimant to establish that his disability has increased or recurred since the date of a prior award. *Id.* at 600, 443 A.2d at 858. *Harris,* however, dealt with a reinstatement petition where benefits had been terminated, not merely suspended. The burden on a claimant who petitions to have a *suspension* lifted is, of course, materially different from the burden on a claimant who petitions for reinstatement. In the former instance, the claimant is required only to demonstrate that the reasons for the suspension no longer exist. *See Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.),* 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983). Applying this rule to the instant case, we conclude that Claimant was required to demonstrate only that he *remained* totally disabled, not that he was *again* totally disabled due to a change in his condition or a recurrence of his injury.

Claimant has nevertheless established not only that his total disability continues, but also that there has been a change in his condition since the prior decision of the referee.

The Board concluded that since the first evidence of disc involvement occurred in May of 1977, the change in Claimant's condition began *before* the referee's prior decision suspending benefits which was dated December 7, 1978, and therefore, Claimant had failed to demonstrate any change since that date. The Board, however, in addition to using an incorrect standard, also used the wrong date. Claimant's benefits were suspended *as of* January 29, 1976. Consequently, even had Claimant been required to demonstrate a change, he would have been required to demonstrate only that such a change had occurred after the

date of suspension, *i.e.* January 29, 1976.  *See Cerny v. Schrader & Seyfried, Inc.,* 463 Pa. 20, 342 A.2d 384 (1975).  This he clearly did.

For these reasons, Claimant is entitled to a continuation of his benefits for total disability in the amount computed by the referee.

### ORDER

Now, March 11, 1985, the order of the Workmen's Compensation Board of Appeal, No. A-86140, dated November 10, 1983, is hereby reversed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.