540 A.2d 10

Bechtel Power Corporation and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Casey), Respondents.

Submitted on briefs November 16, 1987, to Judges MACPHAIL, DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Ralph J. Johnston, Jr., Harris & Johnston,* for petitioners.

*Gerald P. Deady,* for respondent.

OPINION BY JUDGE DOYLE, April 15, 1988:

In this appeal, Bechtel Power Corporation (Bechtel) and the Pennsylvania Manufacturers' Association Insurance Company, Bechtel's insurer, appeal from an order of the Workmen's Compensation Appeal Board (Board) which granted a reinstatement petition filed by Kevin G. Casey (Claimant).

The referee found that Claimant had filed his reinstatement petition on November 9, 1984 alleging a low-back injury in 1981 and a reinjury in 1984. Bechtel had initially denied a claim of injury for the 1981 occurrence but later, on January 22, 1982, it entered into a supplemental agreement whereby it acknowledged the injury and paid compensation. This agreement further provided that as of January 22, 1982, the date the agreement was signed, Claimant's compensation would be suspended for five-hundred weeks.[1] Thus, the status quo immediately prior to the filing of the petition in the instant case was a suspension of Claimant's benefits. Accordingly, the referee treated the November 9, 1984 petition as one requesting reinstatement of benefits.

---

[1] We can find no statutory support for entering into a suspension for a specific number of weeks and its validity is questionable. The validity of the agreement is not here challenged, however, and we consider it no further.

At the time of his reinjury in 1984, however, Claimant was no longer employed by Bechtel, but by the Tobyhanna Army Depot (Tobyhanna). Bechtel first filed a petition to join Tobyhanna as an additional defendant, but thereafter withdrew its claim because the Board lacked jurisdiction over Tobyhanna. The theory which Bechtel advanced to the referee through its medical expert, Dr. Sgarlet, was that Claimant had completely recovered from both the 1981 and the 1984 injury and that Claimant was no longer disabled. Claimant's medical expert, Dr. Rodgers, testified on the other hand, that Claimant's 1984 injury was to the same part of his back as the 1981 injury. This witness declined, however, to opine directly that the 1984 injury was a recurrence of the 1981 injury. It is clear that if the 1984 injury is a recurrence of the 1981 injury Bechtel would be liable. If, however, it is found that Claimant is disabled and that it is the result of a new injury, Bechtel would not be liable.

The referee determined that Dr. Rodgers' testimony was credible and that it established that the 1984 occurrence constituted a reinjury, not a new injury. He thus granted the reinstatement petition and found Bechtel to be liable for compensation. While we are not convinced that Dr. Rodgers' testimony was sufficient as a matter of law to support the referee's finding in this respect, it is unnecessary to reach this issue as will become clear from the ensuing discussion.

First, an examination of the Board's opinion is necessary. As previously indicated, it affirmed the referee. In so doing, it made the following somewhat confusing statements: (a) "The Claimant bears the burden of establishing that a disability has recurred after the date of the prior award and must show that his physical condition has changed in some manner. *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal*

*Board,* 466 A.2d 741 (1983)"; (b) "While we acknowledge that [Bechtel] has no burden here [that the 1984 incident constituted a new injury] we must note that there is no evidence in the record to support the determination of a new injury"; and, (c) "We also ackowledge that there is no unequivocal testimony that Claimant suffered a recurrence of the March 1981 injury." Despite its position that Claimant bore the burden, and that he had not presented unequivocal evidence of recurrence of his prior injury, the Board upheld the award of benefits because Claimant was "on suspension, not termination, indicating there had not been full recovery from the earlier injury and that the second incident caused sprains to the same area of the back as the first incident." The Board also indicated that Dr. Rodgers' testimony, when viewed in its entirety, was competent to support the referee's decision.

We believe that these statements suggest some confusion on the part of the Board. While it is true, in general, that a claimant seeking a reinstatement of benefits has the burden to show a change in condition, *see e.g., Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board (Brandon),* 77 Pa. Commonwealth Ct. 518, 466 A.2d 741 (1983), cited by the Board, that legal statement is not accurate where a claimant seeks reinstatement from a *suspension.* In *Memorial Osteopathic Hospital,* the claimant sought reinstatement of benefits subsequent to a *termination. See Venanzio v. Workmen's Compensation Appeal Board (Eastern Express),* 88 Pa. Commonwealth Ct. 204, 489 A.2d 284 (1985). As we stated in *Venanzio:*

> The burden on a claimant who petitions to have
> a *suspension* lifted is, of course, materially differ-
> ent from the burden on a claimant who petitions
> for reinstatement. In the former instance, the
> claimant is required only to demonstrate that the

reasons for the suspension no longer exist. *See* Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.), 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983). Applying this rule to the instant case, we conclude that Claimant was required to demonstrate only that he *remained* totally disabled, not that he was *again* totally disabled due to a change in his condition or a recurrence of his injury. (Emphasis in original.)

*Id.* at 207, 489 A.2d at 286.

The testimony of both Claimant and his doctor is sufficient to support this burden. And, Employer's counter-evidence, that Claimant was not disabled, was rejected by the referee. It was, of course, within the referee's province as fact finder to make credibility determinations. *Sell v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 5, 434 A.2d 904 (1981).

As to the question of whether the disability arose from a new injury or a reinjury, we disagree that in a case involving a petition to reinstate benefits, where there has been a *suspension* entered, the burden is on the claimant to establish this point when it is in issue. As *Venanzio* so clearly dictates, proof of continuing disability is a claimant's *only* burden in such a case. Thus, in a petition to reinstate benefits following a suspension, we believe that the burden must be on the employer, in the nature of an affirmative defense, to demonstrate that the disability is, in fact, attributable to a new injury for which a different employer may be liable. Here, as previously indicated, this theory was not one which Bechtel pursued before the referee contending only that Claimant was no longer disabled; consequently, Bechtel presented no evidence on this point and could not prevail on this defense.

Having, thus, determined that Claimant met his burden under *Venanzio*, we affirm the result reached and the order of the Board.

### ORDER

Now, April 15, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.