448

608 A.2d 598

RILEY WELDING & FABRICATING, INC., and
PMA Insurance Company, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (DEGROFT), Respondent.

Commonwealth Court of Pennsylvania.

Submitted March 20, 1992.

Decided April 24, 1992.

Michael J. McGovern, for petitioners.

Joseph R. Kowitski, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This case requires our court to apply the Supreme Court's decision in *Pieper v. Workmen's Compensation Appeal Board (Ametek–Thermox Instruments Division)*, 526 Pa. 25, 584 A.2d 301 (1990). Because of the rationale set forth in *Pieper*, we reverse.

On September 12, 1985, Ronald B. DeGroft sustained an injury when he jumped from a forklift to avoid being struck by a dislodged beam at Riley Welding and Fabricating, Inc. (Employer). DeGroft underwent surgery to his left knee and received compensation benefits. Pursuant to the Notice of Compensation Payable, the nature of the injury was listed as "internal derangement—left knee."

On January 2, 1986, DeGroft returned to work and signed a final receipt. Subsequently, DeGroft and Employer entered into a supplemental agreement, indicating that DeGroft's total disability had recurred. On August 11, 1986, DeGroft returned to work and his benefits were suspended.

On January 8, 1987, DeGroft reported to Thomas K. Howard, M.D., complaining of back pain for which he underwent surgery for a herniated disc. DeGroft filed a petition to set aside the final receipt,[1] contending that his herniated disc was caused by his September 12, 1985 work-related injury.

---

1. DeGroft amended the petition to set aside the final receipt to a reinstatement or claim petition.

After hearings on this matter, Referee Gould made the following pertinent findings:

6. I do not find the claimant's testimony regarding the date of the injury to his back credible. The claimant told his treating physician, Dr. Hammett, that his back problems on the left developed spontaneously. The claimant told another treating physician, Dr. Howard, that it occurred on September 12, 1985 and that he had had lower left back and leg pain since September 12, 1985. Dr. Howard's equivocal opinion that the claimant's herniated disc at L4–5 on the left was due to the September 12, 1985 injury was based on the claimant's statements. The claimant testified at the August 6, 1987 hearing that he had not had left leg "tingling" between 1979 and his first visit to Dr. Howard in January, 1987. The claimant also stated that he did not treat with any doctor or tell any doctor between 1979 and 1987 that he was having pain down his left leg.

7. The etiology of the claimant's disc problem at L4–5 is unknown.

(41a–42a.)

Referee Gould thus concluded that "[t]he claimant has failed to meet his burden of proving that his injury, herniated disc at L4–5 on the left was related to the incident on September 12, 1985 or any other employment while working for the [Employer]." (42a.)

On appeal, the Board reversed Referee Gould, citing *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa.Commonwealth Ct. 204, 489 A.2d 284 (1985), wherein we held that the burden on a claimant who petitions to have a suspension lifted is merely to show that the reasons for the suspension no longer exist. The Board concluded that because DeGroft had established disability (Referee Gould, Finding of Fact, 4), the burden of proof had shifted to Employer to prove that the disability was not work-related. The Board then concluded that Employer had failed to prove that DeGroft's disability was not work-related, remanding to the referee to "Reinstate Com-

pensation and then to determine if compensation is to then be suspended or terminated after Claimant's return to work in August of 1987." (36a.)

On remand, this matter was assigned to Referee Nichol. Referee Nichol, without taking further testimony, issued new findings of fact and conclusions of law. Whereas, Referee Gould had found DeGroft's testimony regarding the date of his injury not to be credible, Referee Nichol accepted DeGroft's testimony that he had suffered continuous back pain since September 1985. Referee Nichol concluded that DeGroft sustained his "burden of proving an injury on September 12, 1985, consistent with Section 301(c)(1) and 302(c)(2) of The Pennsylvania Workmen's Compensation Act," [2] and that he "met his burden of establishing that his injury was causally related to his work-related injury of September 12, 1985...." (22a.) The Board affirmed.

On appeal,[3] Employer makes the following arguments: 1) the Board erred in placing the burden upon Employer to show that DeGroft's back injury was not work-related; 2) the Board exceeded its scope of review in its initial opinion when it made a credibility determination concerning the testimony of Dr. Howard contrary to that of the referee; 3) Referee Nichol exceeded the scope of the Board's remand order by making new findings of fact and conclusions of law; and 4) Referee Nichol's findings of fact are not supported by substantial evidence.

The Employer argues that the Board's reliance upon *Venanzio* is misplaced because DeGroft failed to prove that his herniated disc was causally connected to the September 12, 1985 work-related injury. Although the burden of proof in a suspension case as stated in *Venanzio* requires only that the reasons for the suspension no longer exist, Employ-

2. Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. §§ 411(1) and 411(2).

3. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

er argues that such a standard, without a causal connection, is ludicrous because *any* subsequent disability would be, therefore, automatically compensable and would require employers to bear an almost insurmountable negative burden of proof. We agree.

DeGroft's reliance on *Venanzio* and *Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Casey)*, 115 Pa.Commonwealth Ct. 374, 540 A.2d 10 (1988), is misplaced. First, the issue in *Venanzio* and *Bechtel* was never whether or not the injury was work-related as it is here. *Venanzio* and *Bechtel* dealt with the recurrence of the original injury or a degenerative disability which was ultimately traced back to the original compensable injury. *Venanzio* held, and *Bechtel* reiterates, that a claimant is required to demonstrate only that he *"remained* totally disabled, not that he was *again* totally disabled due to a change in his condition or a recurrence of his injury." *Id.*, 88 Pa.Commonwealth Ct. at 207, 489 A.2d at 286 (emphasis in original). The Employer argues that DeGroft has not alleged that he *remained* disabled because of his knee injury but that he is alleging he is *again* disabled because of a back injury for which no Notice of Compensation Payable was ever issued.

Employer also argues that the Board's conclusion here is at odds with its decision in *Miller v. Westinghouse Electric Corp.*, Docket No. A–95044. In *Miller*, the claimant received compensation for a back injury but also submitted bills for psychiatric treatment for depression allegedly related to the back injury. The Board made this analysis:

> The Defendant argues that in cases in which the causal nexus is not obvious, the Claimant must prove a causal relationship before the Defendant is required to pay the medical bills. The Defendant concedes that if the bills are obviously related to the injury, they must pay the bills while contesting the reasonableness and necessity for the bills. The Board considers the Defendant's interpretation of 306(f)(2)(ii) to be correct under the facts of this case. The Act only requires Defendant to pay for medical expenses causally connected to his compensable injuries.

The Board rejects Claimant's interpretation of Section 306(f)(2)(ii) of the Act since, taking Claimant's logic to its extreme, Defendant would be required to pay all medical bills regardless of cause and then contest them after they are paid.

Taking the Board's rationale here, which is contrary to its holding in *Miller*, to its logical conclusion would mean that any injury or illness, no matter how remote, would be compensable if it occurred after a work-related injury. Our opinion in *Venanzio* is *not* so comprehensive that any post-injury disability is compensable. *Venanzio* only reduces a claimant's burden in lifting a suspension when the subsequent injury is *obviously* causally connected. Furthermore, while a presumptive partial disability exists by virtue of an order to suspend compensation, *Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa.Commonwealth Ct. 208, 506 A.2d 1357 (1986), such presumption is rebuttable by evidence that the injury is not work related.

The Supreme Court in *Pieper v. Workmen's Compensation Appeal Board (Ametek–Thermox Instruments Division)*, 526 Pa. 25, 584 A.2d 301 (1990), held that the law required a claimant to prove two things in order to show that the reasons for the suspension no longer exist:

First, he must prove that through no fault of his own his earning power is once again adversely affected by his disability. And Second, that the disability which gave rise to his original claim, in fact, continues. He need not re-prove that the disability resulted from a work-related injury during his original employment, since its cause has never been at issue. However, because of the passage of time, that law does require that he prove by a preponderance of the evidence that it is the *same* disability that the law presumes occurred during his original employment and for which he initially received workmen's compensation benefits. In other words, that his disability has not ceased during the passage of time.

*Id.,* 526 Pa. at 34, 584 A.2d at 305 (citations and footnote omitted) (emphasis added).

■ Because Referee Gould, as the ultimate factfinder, *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973), made specific findings that the herniated disc was not causally connected to the compensable injury, the Board's application of *Venanzio* was erroneous.[4]

Accordingly, we reverse the order of the Workmen's Compensation Appeal Board and reinstate Referee Gould's initial order, denying DeGroft's reinstatement petition.

### ORDER

AND NOW, this 24th day of April, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.

---

**4.** Our disposition of this issue makes it unnecessary to address Employer's additional arguments.