646 A.2d 686

HOUSING AUTHORITY OF the CITY OF PITTSBURGH
and The PMA Group, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (SHEFFIELD), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 27, 1994.

Decided Aug. 5, 1994.

Petition for Allowance of Appeal Denied Dec. 20, 1994.

James D. Strader, for petitioners.

John G. Fahey, Jr., for respondent.

Before COLINS and KELLEY, JJ., and RODGERS, Senior Judge.

COLINS, Judge.

The Housing Authority of the City of Pittsburgh and the PMA Group (collectively, employer) petition for review of a September 29, 1993 order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's (referee) decision to grant Clarence P. Sheffield's (claimant) claim petition (petition). For the reasons set forth herein, we reverse.

Claimant filed a petition on July 3, 1987, seeking benefits for an injury to his right leg caused when a co-employee accidentally kicked him and aggravated a previous surgical site where claimant had received a femoral by-pass. Employer filed a timely response which denied all claims of injury and liability. Hearings were conducted before the referee, at which both parties presented witnesses and medical testimony.

The referee, in entering a decision in favor of claimant, made findings of fact as follows. On October 27, 1986, claimant, while in the scope of his employment as a foreman, was injured while he and another employee were helping an injured employee who had fallen to the ground. While claimant was helping the employee up, claimant was accidentally kicked in the right leg, thus damaging claimant's previous existing condition, peripheral arterial and vascular disease. Since that day, claimant has been unable to return to work.

Subsequent to the incident, claimant began treatment of his injured leg with Seth Bekoe, M.D. (Dr. Bekoe). Dr. Bekoe testified by deposition and opined that claimant was unfit to perform his usual work as a result of this injury. Claimant was also examined by Stanley A. Hirsch, M.D. (Dr. Hirsch), on behalf of employer. It was Dr. Hirsch's opinion that claimant's disability was not caused by the October 27, 1986 incident but was instead the result of claimant's underlying vascular problems.

The referee also awarded claimant medical costs related to treatment of his right leg in the amount of $62,406.24. Employer's objections to these costs were rejected by the referee.

Employer appealed the referee's decision to the Board, which affirmed the referee's decision. Employer then filed this petition for review,[1] raising three issues. Employer questions first, whether the referee committed an error of law in

1. This Court's scope of review in appeals from the Board is limited to determining whether claimant's constitutional rights were violated, an error of law was committed, or the findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988), *appeal after remand on other grounds*, 143 Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991).

not finding that the testimony of claimant's medical expert was equivocal and not sufficient as a matter of law to permit an award of compensation. Employer next questions whether the referee committed an error of law in finding that claimant remained totally disabled as a result of an injury to his right leg after his right leg was amputated for reasons unrelated to the alleged work-related injury. Employer questions finally, whether the referee committed an error of law in awarding payment of medical expenses which are not causally related to the alleged work-related injury.

Employer argues first, that the testimony of Dr. Bekoe was equivocal as to causation and was, therefore, insufficient as a matter of law. To sustain an award under the Workers' Compensation Act,[2] "the claimant must prove a causal relationship between the work-related incident and the alleged disability. Generally, if there is no obvious relationship between the disability and the work related cause, unequivocal medical testimony is required to meet the burden of proof." *Odd Fellow's Home of Pennsylvania v. Workmen's Compensation Appeal Board (Cook)*, 144 Pa.Commonwealth Ct. 280, 284, 601 A.2d 465, 467 (1991). In the case *sub judice*, the causal connection is not obvious. Therefore, claimant had the burden of presenting unequivocal medical testimony as to causation in order to sustain his award of benefits.

Employer argues that Dr. Bekoe's deposition testimony that it was "conceivable" the October 27, 1986 accident "might have" aggravated claimant's pre-existing vascular problems was clearly equivocal.[3] Claimant counters by arguing that Dr.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

3. [By claimant's counsel:]

Q: All right, now assuming that underlying pathological condition existed on or before 10/27/86, what is your opinion regarding the events that took place at work on that date regarding that condition?
A: Well, you know, on December 8, 1986, I wrote a note To Whom It may Concern at the request of [claimant]. And I stated in that second paragraph—I hope you all have copies—that *it is conceivable that the extreme unnatural motions in lifting his colleague might have aggravated his already existing peripheral vascular disease precipitating the complete closure of his previous bypass.* And that is my reaction to the questions you posed.

Bekoe's testimony as to causation was unequivocal when viewed in its entirety, including the following portion of cross-examination:

[By employer's counsel:]

Q: Doctor, the statement that Mr. Sheffield, we are assuming Mr. Sheffield put together on December 12, 1986, would you agree with the statement that he has in there in the second paragraph that says that "no one can truthfully say that the strain I suffered lifting and carrying Mr. Naylor did not cause this femoral tibial artery to happen when it did"? Or can one truthfully say that the incident at work—

A: Well, you know, can one say you mean with absolute certainty?

Q: Within a reasonable degree of medical certainty.

A: I believe extreme motion can precipitate this if the underlying conditions permit so. I don't know if I make myself clear.

Q: I think you have. Thank you.

■ It is well settled that the referee, as fact finder, has exclusive power over questions of credibility and evidentiary weight and may accept or reject the testimony of any witness in whole or in part. *Mardee Sportswear v. Workmen's Compensation Appeal Board (Franglo, Inc.)*, 98 Pa.Commonwealth Ct. 327, 511 A.2d 905 (1986). In this case, the referee accepted the testimony of Dr. Bekoe as credible and rejected the opinion of employer's medical witness, Dr. Hirsch. We are bound by this credibility determination.

■ Whether the testimony of an expert medical witness as to causation is equivocal is a question of law reviewable by

Q: The only question I have beyond the question I have just posed: is it ever or has it ever in your medical experience or have you ever seen ... where a person has an underlying condition similar to Mr. Sheffield's would have a claudication or closure because of a traumatic episode or episodes?

A: If one is posed in an unnatural position, and you have an artificial graft, *it is possible to limit the blood flow and block it. It is possible.* It has to be for a long time. It is possible. *I can't say that experimentally I have done it, but it is possible.*

(Emphasis added.)

this Court. *May Department Stores v. Workmen's Compensation Appeal Board (Smith)*, 105 Pa.Commonwealth Ct. 580, 525 A.2d 33, *petitions for allowance of appeal denied*, 516 Pa. 624, 532 A.2d 21 (1987). Such medical testimony must be given within a reasonable degree of medical certainty. *Sears, Roebuck & Company v. Workmen's Compensation Appeal Board*, 48 Pa.Commonwealth Ct. 161, 409 A.2d 486 (1979). This Court has held that medical testimony will be considered "unequivocal if the medical expert, after providing a foundation, testifies that in his belief the facts exist." *Corcoran v. Workmen's Compensation Appeal Board (Stuart Painting Company)*, 144 Pa.Commonwealth Ct. 398, 406, 601 A.2d 887, 891, *petition for allowance of appeal denied*, 531 Pa. 641, 611 A.2d 713 (1992). However, expert medical testimony which merely states "the injury or condition might have or possibly came from the assigned cause," or is "less than positive[,] . . . may not constitute legally competent evidence for the purpose of establishing the causal relationship." *Lewis v. Workmen's Compensation Appeal Board*, 508 Pa. 360, 365–66, 498 A.2d 800, 802 (1985).

█ In the instant matter, Dr. Bekoe's opinion on direct examination was clearly equivocal. A statement that it was conceivable that the accident might have aggravated claimant's pre-existing vascular condition cannot sustain a claimant's burden of proof. We disagree with claimant that this equivocation was corrected on cross-examination because Dr. Bekoe's opinion, merely based on the foundation of "if the underlying conditions permit so," never defined these underlying conditions, and consequently, never established that claimant's situation met them. Thus, his opinion was less than positive, and claimant failed to prove that his injury was work-related.

We must tragically note that this failure of claimant's femoral by-pass was followed by the amputation of claimant's right leg. However, since there is no unequivocal testimony in the record connecting this amputation to any work-related

462

condition, claimant has failed to sustain his burden of proof on this point as well.

Accordingly, the decision of the Board is reversed.[4]

## ORDER

AND NOW, this 5th day of August, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

---

4. Our resolution of this issue renders determination of employer's remaining issues unnecessary.