**Glenn ANDRES, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (USX CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 10, 1998.

Decided Aug. 27, 1998.

---

594

Joseph N. Bifano, West Mifflin, for petitioner.

Robert C. Jones, Pittsburgh, for respondent.

Before DOYLE and KELLEY, JJ., and RODGERS, Senior Judge.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 602.

RODGERS, Senior Judge.

Glenn Andres (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the workers' compensation judge (WCJ) dismissing Claimant's claim petition as time barred. We affirm.

Claimant was employed by U.S. Steel (Employer) in its Fairless Hills plant as a furnace foreman and manager from October, 1987. In January, 1989, Claimant began to exhibit symptoms of unsteadiness; he also began to limp and was frequently exhausted. Suspecting some level of drug use, the Employer spoke to Claimant about his appearance and behavior and in January or February of 1989, moved him to a clerical position in the office. Claimant's physical condition continued to worsen, and Employer discharged Claimant because of poor work performance on July 17, 1989.

Claimant was diagnosed with Multiple Sclerosis (MS) in 1991. On August 30, 1993, Claimant filed a claim petition alleging he sustained an injury in the nature of progressive MS that was triggered by excessive stress and heat in Employer's plant. Claimant listed June 18, 1991, as the date of injury and July, 1989, as the last date of injurious exposure. Employer filed an answer, denying these allegations and asserting that Claimant's petition was time barred under Section 315 of the Workers' Compensation Act (Act).[1]

In support of his petition, Claimant presented the testimony of Richard Weisman, M.D., a board-certified neurologist, who diagnosed Claimant's MS in 1991. Dr. Weisman explained that MS is an inflammatory disease, the cause of which is unknown. He stated that an individual who develops MS is genetically susceptible to a virus or an environmental factor that introduces the disease into the body. He stated that the disease initially remains latent and eventually becomes active for reasons not fully understood.

However, Dr. Weisman testified that Claimant's exposure to heat, while not the

cause of Claimant's MS, was clearly a factor in the progression of the disease and his ultimate disability. Dr. Weisman acknowledged that Claimant's condition continued to worsen after he was transferred from the blast furnace area. Dr. Weisman did not testify that the incidence of MS was substantially greater in the steel-making industry or among furnace managers than in the general population.

David M. Petro, M.D., M.P.H., a board-certified family practitioner/occupational medicine specialist, testified on behalf of Employer. Dr. Petro agreed that exposure to heat can bring out the symptoms of MS, but did not agree that exposure to heat actually increases the severity of the disease.

The WCJ found Claimant's last injurious exposure was in January or February, 1989, and the claim petition, mailed on August 30, 1993, was not filed within three years of that date as required by Section 315 of the Act.

The WCJ noted that MS is potentially compensable as an occupational disease under Section 108(n) of the Act, 77 P.S. § 27.1(n). However, the WCJ concluded that Claimant failed to prove that his MS is an occupational disease, because Claimant did not produce any evidence that the incidence of MS is substantially greater in Claimant's industry of steel making/furnace work than in the general population. Therefore, the WCJ also concluded that the discovery rule applicable to occupational disease claims did not apply, and she dismissed the claim petition as time barred under Section 315 of the Act.[2] Claimant appealed to the Board, which affirmed the WCJ's decision.

On appeal to this Court,[3] Claimant argues the WCJ erred in concluding Claimant did not suffer from an occupational disease and that the discovery rule does not apply.

Section 315 of the Act provides that a claim for compensation shall be barred if not filed within three years after the date of injury. In cases of occupational disease, the term "injury" in this section means disability resulting from occupational disease. 77 P.S. § 602.

■ To prevail on an occupational disease claim under Section 108(n) of the Act, a claimant must prove that: 1) he was exposed to the disease by reason of his employment; 2) the disease is causally related to that employment; and 3) the incidence of the disease is substantially greater in that industry or occupation than in the general population. *Pawlosky v. Workmen's Compensation Appeal Board*, 514 Pa. 450, 525 A.2d 1204 (1987). The third criterion is critical in the analysis of whether a disease suffered because of work exposure is compensable as an occupational disease. *K–Mart Corp. v. Workmen's Compensation Appeal Board (Dick)*, 141 Pa.Cmwlth. 375, 595 A.2d 758 (1991).

■ While Claimant presented medical testimony that his exposure to heat was a contributing factor to his disability, Claimant failed to present any evidence that the incidence of MS is substantially greater in those employed in steelmaking/furnace occupations than in the general population. As Claimant failed to satisfy the criteria set forth in Section 108(n) of the Act, the WCJ correctly concluded that the three-year statute of limitations under Section 315 of the Act barred his claim. *Armco, Inc. v. Workmen's Com-*

---

2. On claims for total disability due to occupational disease, the statute of limitations begins to run from the time the Claimant knows or should have known that he suffers from total disability caused by an occupational disease. *Price v. Workmen's Compensation Appeal Board*, 533 Pa. 500, 626 A.2d 114 (1993). Had Claimant established that his disability was caused by an occupational disease, the statute of limitations applicable to the filing of his claim petition would have commenced in 1991 (date of diagnosis) rather than in 1989 (the date of injury). We also note that because the WCJ dismissed the claim as

time-barred, she made no credibility determinations as to either doctor's testimony.

3. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

*pensation Appeal Board (Mattern),* 542 Pa. 364, 667 A.2d 710 (1995).

Accordingly, we affirm the Board's order.

### ORDER

AND NOW, August 27, 1998, the order of the Workers' Compensation Appeal Board dated February 13, 1998, at No. A96–3533, is affirmed.