Patrick CONROY, Petitioner,

v.

**WORKERS' COMPENSATION
APPEAL BOARD (PERRIER
GROUP), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 31, 2000.
Decided April 25, 2000.

Lester Krasno, Pottsville, for petitioner.

John C. Swartz, Jr., Mechanicsburg, for respondent.

Before COLINS, J., McGINLEY, J., and JIULIANTE, Senior Judge.

COLINS, Judge.

Patrick Conroy petitions for review of the order of the Workers' Compensation Appeal Board affirming a workers' compensation judge's denial of his claim petition on the ground that he failed to meet his burden of proving that he suffered an occupational disease as a result of workplace exposure to ozone.

In February 1997, Conroy filed a claim petition requesting full disability benefits and alleging that he contracted a pulmonary disease as a result of exposure to high concentrations of ozone in the course of his employment with Perrier Group from 1986 to November 1, 1996.[1] The

---

1. Conroy was injured in an unrelated automobile accident on November 2, 1996 and stopped working as a result of those injuries.

claim petition alleged that Conroy stopped working on February 5, 1997, the date he was examined by Dr. Jonathan Hertz, as a result of the work-related disease. In support of his claim, Conroy testified and presented the medical deposition of Dr. Hertz and a report written by Dr. Francis Schwiep.

The judge discredited Conroy's testimony because it was refuted by the credible testimony of three of the employer's witnesses and corroborating documentation. Specifically, the credited evidence established the following. First, Conroy worked in the employer's filling room, where the ozone was located, for only two weeks and that during that time he spent only 50 percent of his time in the filling room; at all other times he had no exposure to ozone. Second, the filling room is a sealed room equipped with a special ventilation system and alarms that sound in the event of excessive levels of ozone in the air, and ozone products are capped before they leave the room. Third, Conroy never voiced any complaints about having difficulty breathing during the time that he worked in the filling room. This credited evidence directly contradicted Conroy's testimony that he was exposed to ozone for a period of 10 years—which history he supplied to Dr. Hertz and Dr. Schwiep—and his testimony that he reported his breathing problems and his concern about breathing ozone to his supervisors. The judge rejected Dr. Hertz's testimony as unpersuasive largely because

it was based on the discredited work history supplied by Conroy. Having discredited and rejected all of Conroy's evidence,[2] the judge concluded that Conroy failed to meet his burden of proof and denied his claim. The Board affirmed.

██ On appeal[3] to this Court, Conroy argues that the judge capriciously disregarded the competent medical testimony of Dr. Hertz and erred in concluding that he failed to prove that he suffered an occupational disease as a result of workplace exposure to ozone. As noted by the Board, a claimant who seeks benefits for a nonenumerated occupational disease pursuant to Section 108(n) of the Workers' Compensation Act (Act)[4] must establish 1) that he was exposed to the disease by reason of his employment, 2) that the disease is causally related to his employment, and 3) that the incidence of the disease is substantially greater in his particular industry or occupation than in the general population. *Andres v. Workers' Compensation Appeal Board (USX Corporation)*, 717 A.2d 593 (Pa.Cmwlth.1998). Where the connection between the injury and the employment is medical and not obvious, causation must be established by unequivocal medical testimony. *Gribble v. Workers' Compensation Appeal Board (Cambria County Ass'n for the Blind)*, 692 A.2d 1160 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 549 Pa. 719, 701 A.2d 579 (1997); *Housing Authority of City of Pittsburgh v. Workmen's Compensation*

---

2. The medical report of Dr. Schwiep was also based on the discredited work history. Dr. Schwiep stated in the report that a chest x-ray and pulmonary studies did "not demonstrate[] any major findings[,]" and he stated no opinion as to the causation of Conroy's medical problems. (Claimant's Exhibit 4.)

3. Our review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's*

*Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). The capricious disregard scope of review applies only where the burdened party has presented evidence and has not prevailed before the fact finder. *Serrano v. Workers' Compensation Appeal Board (Chain Bike Corporation)*, 718 A.2d 885 (Pa.Cmwlth.1998). Although only Conroy presented medical evidence, both parties in the present matter presented evidence; therefore, the substantial evidence scope of review applies.

4. Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. § 1208(n).

**934**

*Appeal Board (Sheffield),* 166 Pa.Cmwlth. 456, 646 A.2d 686, *petition for allowance of appeal denied,* 539 Pa. 697, 653 A.2d 1234 (1994).

 Having discredited Conroy's testimony and rejected the testimony of Dr. Hertz, the judge did not err in concluding that Conroy failed to meet his burden of proving that he suffers from an occupational disease caused by workplace exposure to ozone. The judge rejected as unpersuasive the testimony of Dr. Hertz, the only medical testimony Conroy presented, largely because it was based on the inaccurate work history supplied by Conroy and refuted by the employer's witnesses and documentation. A judge may reject expert testimony when the expert's opinion is based on facts of which he has no personal knowledge and which are not supported by the evidence of record. *Newcomer v. Workmen's Compensation Appeal Board (Ward Trucking Corporation),* 547 Pa. 639, 692 A.2d 1062 (1997). In further explaining his rejection of Dr. Hertz's testimony, the judge also noted 1) that Conroy's physical examination and objective test results were normal; 2) Dr. Hertz's opinion that pulmonary function tests indicated only mild impairments of questionable significance; and 3) that other ailments for which Conroy was treating (i.e., high blood pressure, sinus infections, chronic sinus drainage, and possible esophageal reflux) could have caused Conroy's symptoms. (Judge's Finding of Fact No. 18.) Our scope of review does not permit us to reweigh the evidence.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 25th day of April 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.