Edward S. Finkelstein, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 4, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Edward S. Finkelstein,* appellant, for himself.

*William J. Peters, Foulkrod, Peters, Frank and Wasilefski,* for appellee.

OPINION BY JUDGE MACPHAIL, August 5, 1981:

Edward S. Finkelstein (Appellant) appeals here from an order of the Court of Common Pleas of Dauphin County that affirmed his conviction and entered judgment of sentence for the summary offense of failing to connect to a sanitary sewer line in Susquehanna Township (Township).

The facts are uncontested. The Township notified Appellant that, pursuant to its ordinances, Appellant would be required to connect to a sanitary sewer line installed by the Township that was available to service his property located a 1804 York Lane. Although Appellant's property abuts a public street, the sewer line in question ran in a sewer *easement* abutting the *rear* of Appellant's property and was within 300 feet of his residence. Appellant refused to connect to the sewer line.

On March 13, 1979, the Township filed a criminal complaint accusing Appellant of failure to connect to the Township's sanitary sewer system as required after receiving proper notification. Such refusal was alleged to be in violation of Section 2401 of The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §57401, the Susquehanna Township Plumbing Code, Susquehanna Township, Dauphin County, Ordinance 72-11 (February 8, 1972), *as amended*, (repealed) (1972 Plumbing Code)[1] and Section 22 of Susquehanna Township, Dauphin County, Pa., Code Chapter XIX (1974) (Sewer Ordinance). Appellant was convicted of a summary offense and sentenced to pay a fine as provided in Section 9 of the Sewer ordinance. Appellant appealed and a trial de novo was held before the Court of Common Pleas of Dauphin County. The trial court upheld the conviction and denied a motion for a new trial and in arrest of judgment. Appellant's appeal to this Court followed.

Appellant contends that he did not violate the Sewer Ordinance by his refusal to connect to the sewer line because his property does not fall within the class of properties specified by Section 22 of the sewer ordinance. He further contends that the 1972 Plumbing Code that includes, *inter alia*, the BOCA Basic Plumbing Code/1970 (1970 BOCA Code)[2] is also inapplicable to his property. Of course, Section 2401 of the Code is

---

[1] The 1972 Plumbing Code was repealed by Susquehanna Township, Dauphin County, Pa., Ordinance 78-5 (June 28, 1978) (1978 Plumbing Code). The 1978 Plumbing Code was repealed by Susquehanna Township, Dauphin County, Pa., Ordinance 79-2 (February 8, 1979) (1979 Plumbing Code). The latter ordinance is codified in Susquehanna Township, Dauphin County, Code, Chapter XVIII.

[2] Building Officials & Code Administrators International, Inc., The BOCA Basic Plumbing Code (2nd ed. 1970).

merely an enabling statute, therefore, Appellant's conduct could not constitute a violation of its provisions.

It is true, as the learned trial judge opined, that Section 2401 of the Code authorized the Township[3] to lay sewer lines in public streets "as far as practicable" and may require owners of property "benefited, improved or accommodated" by those lines to make connection "as the commissioners may order for the purpose of discharge of such drainage or waste matter as the commissioners may specify." Section 2402 of the Code authorizes the Township to lay sewer lines over private property when it is reasonably impracticable to place such lines in public streets. Quite obviously, that is the authority exercised by the Township in the instant case when it acquired an easement for the sewer line. The Township argued and the trial court agreed that since Appellant's land was benefited or accommodated by the sewer line, the Township had the authority under Section 2401 of the Code to require Appellant to connect.

But the dispute is not whether the Township had the *enabling* authority to require Appellant to connect; rather, the dispute is whether the specific ordinances enacted by the Township pursuant to that enabling authority and alleged to have been violated by Appellant required him to connect.

As we have noted, when the Township filed the criminal complaint it accused Appellant, *inter alia*, of violating the Sewer Ordinance and the *1972* Plumbing Code. Although the Township did not institute its enforcement action until 1979, the Township did not accuse Appellant of violating the 1978 Plumbing Code[4]

---

[3] Section 2401.1 of the Code, 53 P.S. §57401.1 gives similar authority to the township commissioners where sewer lines are laid by a municipality authority.

[4] The 1978 Plumbing Code adopted The BOCA Basic Plumbing Code (3rd ed. 1975).

nor of violating the 1979 Plumbing Code.[5] The holding in this case then is limited to the alleged violation of the 1972 Plumbing Code and/or the Sewer Ordinance and does not address conflicts real or imagined between the Sewer Ordinance on the one hand and the 1978 Plumbing Code or the 1979 Plumbing Code on the other.

Section 22 of the Sewer Ordinance reads as follows:

> The Owner of any improved property abutting on or adjoining any *street, road, lane, alley, court, public square* or *highway* in which a sewer constituting a part of a sewer system is located within 300 feet of a structure upon said property shall connect such improved property therewith in such manner as this Township may require within 60 days after notice to such owner from this Township to make connection for the purpose of discharge of all sanitary sewage and industrial waste from such improved property subject to such limitations and restrictions as shall be established herein or otherwise shall be established by this Township from time to time (emphasis added).

Appellant argues that since the sewer line within 300 feet of his property is located in an "easement," a word missing from the list of locations for a sewer line, Section 22 of the Sewer Ordinance is inapplicable to his property. We agree.

This Court has held that the rules of statutory construction are applicable to statutes and ordinances alike. *Appeal of Neshaminy Auto Villa Ltd.*, 25 Pa. Commonwealth Ct. 129, 358 A.2d 433 (1976). Section 1903 of the Statutory Construction Act of 1972 (Act),

---

[5] The 1979 Plumbing Code adopted the BOCA Basic Plumbing Code (4th ed. 1978).

1 Pa. C. S. §1903, provides that words and phrases are to be construed according to their common and approved usage. Further, Section 1921(b) of the Act, 1 Pa. C. S. §1921(b) directs that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C. S. §1921(b). One long-standing and intrinsic aid to statutory construction is found in the maxim *expression unius est exclusio alterius.* This maxim establishes the inference that, where certain things are specified in a law, "all omissions should be understood as exclusions." *Commonwealth v. Charles*, 270 Pa. Superior Ct. 280, 411 A.2d 527 (1979). Applying this maxim to the Sewer Ordinance we find that the requirement that the improved property abut or adjoin any "street, road, lane, alley, court, public square or highway" in which a sewer line is located excludes any sewer line that is located in an easement. We hold, therefore, that Appellant did not violate the Sewer Ordinance.

The relevant section of the 1972 Plumbing Code reads as follows:

P-302.2   Public Systems available

A public water system and/or public sewer system shall be deemed available to premises used for human occupancy if such premises are within 300 feet measured along a *street, alley* or *easement* of the public water supply or sewage system and a connection conforming with the standards set forth in this Code [1970 BOAC Code] may be made thereto. (Emphasis added.)

Section 1933 of the Act, 1 Pa. C. S. §1933, provides that whenever a general provision in a statute conflicts with and is irreconcilable with the special provisions in the same or another statute, the special provisions will prevail and shall be construed as an ex-

ception to the general provisions, unless the general provision, is enacted later and it is the manifest intention that the general shall prevail. In the instant case, the specific provision of the Sewer Ordinance was adopted in 1974, two years after the 1972 Plumbing Code.[6] We hold that the specific provisions of the Sewer Ordinance prevail and that Appellant, therefore, did not violate the 1972 Plumbing Ordinance.

In view of our holdings above, it is unnecessary for us to consider Appellant's argument that the 1970 BOCA Code applies only to dwellings constructed after the adoption of the 1972 Plumbing Code.[7]

------

[6] We note, without deciding, that Section 6.3 of the 1979 Plumbing Code that is currently in effect in the Township apparently resolves conflicts with other ordinances. It provides that: "Any ordinance or part of ordinance except as otherwise provided, conflicting with the provisions of this ordinance be, and the same is hereby repealed insofar as the same affects this ordinance."

[7] We further note, again without deciding, that the 1970 BOCA Code as well as the subsequent editions of the BOCA Basic Plumbing Code, includes basic principles to be used in defining the intent of the 1970 BOCA Code. It provides in pertinent part as follows:

This Code is founded upon certain basic principles of environmental sanitation and safety through properly designed, acceptably installed, and adequately maintained plumbing systems. Some of the details of plumbing construction may vary, but the basic sanitary and safety principles desirable and necessary to protect the health of people are the same everywhere. As interpretations may be required, and as unforeseen situations arise which are not specifically covered in this code, the twenty-three principles which follow shall be used to define the intent.

. . . .

PRINCIPLE NO. 6 USE PUBLIC WATER AND SEWER WHERE AVAILABLE

Every building with installed plumbing fixtures and intended for human habitation, occupancy, or use, and located within 200 feet of a street, alley, or easement, or adjacent or abutting property in which there is a public water supply and sewer service, shall have a connection with the water supply and sewer.

This Court sympathizes with the Township's legitimate intent to protect the health, safety and welfare of its citizens. The cure, however, lies easily at hand for the Township. It has but to amend its Sewer Ordinance to bring it into agreement with the 1979 Plumbing Code and then proceed to enforce these ordinances against Appellant and other alleged violators.

Order reversed.

### ORDER

AND Now, this 5th day of August, 1981, the order of the Court of Common Pleas of Dauphin County dated August 14, 1979, that affirmed the conviction of Edward S. Finkelstein for the summary offense of failing to connect to a sanitary sewer line in Susquehanna Township is hereby reversed.