**DAVIS, MURPHY, NIEMIEC AND SMITH**

v.

**William McNETT, in his official capacity as Chairman of the Bradford County Commissioners, Robert P. Horton, in his official capacity as Bradford County Commissioner, and Richard Eaton, in his official capacity as Bradford County Commissioner, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1995.
Decided Oct. 11, 1995.

Jonathan P. Foster, for appellants.

Mark W. Smith, for appellees.

Robert L. Knupp, for amicus curiae, County Commissioners Association of Pennsylvania.

Before PELLEGRINI and FRIEDMAN, JJ., and MIRARCHI, Senior Judge.

PELLEGRINI, Judge.

William McNett, Robert P. Horton and Richard Eaton (Commissioners) appeal a decision of the Court of Common Pleas of Bradford County (trial court) entering judgment in favor of the law firm of Davis, Murphy, Niemiec and Smith (Law Firm) and awarding it compensation for the services Robert J. Murphy (Murphy) rendered to the Bradford County (County) Register and Recorder's Office in an action by the County Register and Recorder (Rockefeller) against the Commissioners.

In March, 1992, Rockefeller filed a motion for peremptory judgment on her complaint in mandamus against the Commissioners, seeking to compel them to provide her with specific computer software for the management of her office. Murphy, acting as the solicitor for the Bradford County Register and Recorder's Office, represented Rockefeller in that action. Rockefeller prevailed before the trial court, and the Commissioners were directed to provide her with the computer software. The Commissioners' appeal is pending before this Court, and is not at issue in the present case.

Following Rockefeller's success on her motion for peremptory judgment, the Law Firm filed a complaint in the trial court, contending that it had agreed to act as Rockefeller's solicitor for a $650.00 retainer, which was to cover consultations, legal research and mis-

cellaneous legal advice, plus a rate of $95.00 per hour for all litigation.[1] The complaint further alleged that Rockefeller, acting in her capacity as the County Register and Recorder, asked the Law Firm to represent her in the mandamus action against the Commissioners. In its complaint, the Law Firm alleged that the bill for these services totalled $5,685.35 and requested the trial court to enter judgment against the Commissioners for this amount.

During the non-jury trial on the Law Firm's complaint, Murphy testified that he was hired by Rockefeller as the Solicitor for the Register and Recorder's Office. Murphy indicated that, pursuant to an oral agreement with Rockefeller, he was to be paid a retainer of $650.00, plus an hourly rate and expenses associated with any litigation involving the office. Murphy further testified that, although he had no written agreement with the Commissioners or with Rockefeller, over an eight year period, he had submitted bills in excess of the $650.00 retainer that were paid by the County.

Rockefeller also testified during the trial, indicating that she had hired Murphy as her solicitor under the agreement that he would be paid an hourly fee in addition to the $650.00 retainer. Rockefeller stated that, although she had not presented this agreement to the Salary Board for its approval, she had mentioned it during several budget hearings before the Commissioners. Rockefeller further testified that, in the past, she had submitted purchase orders for Murphy's services that exceeded the $650.00 retainer, and that these orders had been paid by the County.

The Commissioners presented the testimony of William McNett, a County Commissioner. Mr. McNett stated that it was the County's policy to pay a flat retainer fee for its solicitors which included any expenses incurred by the solicitor in representing the County. Mr. McNett further testified that, although the Law Firm had been paid money in excess of the retainer fee in the past, the Commissioners were unaware of such excess payments. Mr. McNett explained that, whenever a bill is submitted to the County which is less than $200.00, the County's accounting department pays this bill usually without seeking the Commissioners' approval. Mr. McNett testified that, because of this arrangement with the accounting department, the Commissioners were never aware of the fact that the law firm was being compensated beyond the retainer fee. Further, Mr. McNett testified that Rockefeller had never presented the fee arrangement to the Salary Board.

The trial court concluded that Rockefeller had the implied authority to bind the County to a contract with the Law Firm for Murphy's services. The trial court found that this, in conjunction with the fact that the County had previously paid Murphy more than the retainer fee, estopped the Commissioners from subsequently denying the existence of a contract. Finding that a valid oral contract existed between Murphy and Rockefeller, the trial court directed the County to compensate Murphy for his services and pay the Law Firm's bill. Following the denial of their motion for post-trial relief, the Commissioners appeal to this Court.[2]

The Commissioners initially contend that the trial court erred in ordering them to pay the additional attorney's fees because the Salary Board never approved the amount of compensation that Murphy was to receive as Rockefeller's solicitor. Without this approval, the Commissioners contend, there is no basis for the Law Firm to request counsel fees, and there is no authority for the Commissioners to expend the money to compensate Murphy.

Pursuant to Section 1620 of the County Code,[3] the salaries and compensation

---

1. Although the complaint alleged that Rockefeller agreed to this compensation, there is no specific allegation in the complaint, indicating whether the agreement was oral or written.

2. Our scope of review is limited to determining whether the trial court's findings are supported

by substantial evidence, whether it abused its discretion, or whether it committed an error of law. *Penksa v. Holtzman*, 153 Pa.Cmwlth. 94, 620 A.2d 632 (1993).

3. Act of August 9, 1955, P.L. 323, § 1620, *as amended*, 16 P.S. § 1620.

of all appointed officers and employees who are paid from the county treasury shall be fixed by the salary board. The purpose behind this provision is to ensure an orderly and rational employment procedure that is centered around the county salary board. *Simon v. Del Vitto,* 43 Pa.Cmwlth. 402, 403 A.2d 1335 (1979). In furtherance of this purpose, the Code provides that, if an appointed officer's or an employee's compensation has not been authorized by the salary board, then the county cannot be compelled to pay that officer or employee. *In re: Petition of Montgomery,* 67 Pa.Cmwlth. 2, 445 A.2d 873 (1982). Approval of the salary board is not needed, however, because the Law Firm's claim is based, not upon Murphy's status as the solicitor, but upon a separate agreement that he had for litigation services with Rockefeller that did not need to be approved by the salary board.

 If that is so, the Commissioners then contend that the trial court also erred in determining that Rockefeller had the authority to execute a contract with the Law Firm for Murphy's services. Contending that they, and not the Register and Recorder, are responsible for managing the fiscal affairs of the County, the Commissioners argue that any agreement between Rockefeller and Murphy cannot be binding upon them. The Law Firm argues that Rockefeller had the implied authority to bind the Commissioners into a contract for Murphy's services. Even if Rockefeller did not have this authority, the Law Firm argues, the Commissioners were aware of the contract and ratified it by making payments in excess of the $650.00 retainer.[4]

Section 1801 of the County Code provides as follows:

**§ 1081. Commissioners sole contractors for county**

(a) The county commissioners shall contract for and purchase all services referred to in section five hundred eight and personal property for county officers and agencies. All contracts and purchases not in excess of ten thousand dollars ($10,000) shall be by note or memorandum, in writing, signed by the county commissioners, or their agent.

Act of August 9, 1955, P.L. 323, § 1801, *as amended,* 16 P.S. § 1801. This Section, in providing that only commissioners may enter into contracts for the county, and in requiring written evidence that the commissioners have entered into a contract by which they intend to be bound, seeks to prevent the perpetration of fraud against counties. *See Patterson v. Delaware County,* 404 Pa. 5, 171 A.2d 47 (1961). For this reason, strict compliance with Section 1801 is mandatory; there can be no implied authority granted to the Register and Recorder to make a contract for the county, and an oral contract with a county, even if made by all the commissioners, is unenforceable. *Id.; see also Township of Luzerne v. Fayette County,* 330 Pa. 247, 199 A. 327 (1938). Moreover, even if the county's actions coincide with the terms of an oral agreement, absent written evidence thereof, such actions cannot be deemed to ratify and make enforceable the contract. *Id.*[5]

Here, Rockefeller, as the County Register and Recorder, did not have the implied authority to execute a contract with the Law Firm. Further, Murphy and Rockefeller admit that there was no written contract evidencing their agreement for compensation. It follows, therefore, that neither the Commissioners nor their agent could have signed any contract with Murphy or the law firm. Moreover, because there was no written contract, the previous payments in excess of the

---

4. It should be noted that no claim for *quantum meruit* has been asserted in this case.

5. We recognize that there may be situations in which obdurate commissioners, while having the sole power to manage a county's fiscal affairs, can frustrate the legitimate purposes of row officers by refusing to fund legal action that would otherwise reverse the commissioners' obdurate conduct. However, in such situations, there are remedies that can be asserted by the row officers

to compel the commissioners to provide them with the legal representation that is reasonable and necessary to operate their offices. *See Curtis v. Cleland,* 137 Pa.Cmwlth. 537, 586 A.2d 1029 (1991) (indicating that mandamus may lie against a salary board that acts arbitrarily or capriciously and refuses or neglects to comply with the reasonable requirements of a row officer).

$650.00 retainer that were made by the County to the Law Firm, cannot act as a ratification of the agreement. As such, the Commissioners cannot be compelled to compensate Murphy under the terms of the oral fee agreement.

Accordingly, the decision of the trial court granting judgment in favor of the Law Firm is reversed.

### ORDER

AND NOW, this 11th day of October, 1995, the order of the Court of Common Pleas of Bradford County at No. 93 CV 000297, dated February 15, 1995, is reversed.