**ALLEGHENY COUNTY DETECTIVES ASSOCIATION, Appellant**

v.

**ALLEGHENY COUNTY and The Allegheny County Retirement Board.**

Commonwealth Court of Pennsylvania.

Argued May 8, 2002.

Decided Aug. 20, 2002.

---

Craig H. Alexander, Murrysville, for appellant.

Robert L. McTiernan, Pittsburgh, for appellee, Allegheny County.

Charles M. Means, Pittsburgh, for appellee, The Allegheny County Retirement Board.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and FLAHERTY, Senior Judge.

## OPINION BY JUDGE COHN.

The instant case arises from an order issued by the Allegheny County Court of Common Pleas (trial court), denying the declaratory judgment relief requested by the Allegheny County Detectives Association (Association).[1] The Association appeals this decision. For the reasons that follow, we affirm the trial court's decision.

On October 5, 1998, the Association initiated this action asking the trial court to declare its detectives to be members of the police force. This relief was sought following the Allegheny County Retirement Board's (Retirement Board) stated intention to continue to classify the Association's detectives as general county employees, and not as members of the police force.[2] The distinction is significant because Section 1710 of the Second Class County Code[3] provides that members of the police force are eligible for retirement benefits at the age of 50, whereas county employees in general are not eligible for

---

1. The Association represents the detectives employed by the Allegheny County District Attorney's Office. It does not represent detectives employed by the Allegheny County Police Department.

2. Prior to initiating the action, the Association sent letters to the Retirement Board asking the Retirement Board for the same relief. In two separate response letters, the Retirement Board declined the requested relief and, instead, expressed its intention to continue to classify the detectives as general employees for retirement purposes.

3. Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. § 4710(b). This Section provides:
   Employes eligible for retirement allowances
   (b) Every present or future county employe, other than a member of the police force or the fire department or a fire inspector or a sheriff or deputy sheriff, who has reached

retirement benefits until the age of 60. On June 5, 2001, the trial court issued an order and opinion in favor of the Retirement Board and Allegheny County (County). The Association appealed this decision and both the Retirement Board and the County have responded to the Association's argument.

■ Our standard of review in a declaratory judgment action is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion. *Walker v. Ehlinger*, 544 Pa. 298, 300 n. 2, 676 A.2d 213, 214 n. 2 (1996).[4]

■ The Association's primary argument is one of statutory construction. It contends that although Section 1710(b) of the Second Class County Code uses the phrase "police force," that phrase remains undefined by the definitions section of Article XVII of the Second Class County Code.[5] The Association notes that Section 1440(b) of the Second Class County Code, 16 P.S. § 1440(b), provides that detectives "shall be general police officers and shall have all powers now conferred on constables." It cites cases discussing the rules of statutory construction that provide that every statute should be construed to give effect to all its provisions, and that courts will not interpret legislative enactments in a manner which imputes absurdity. The Association, thus, seeks to have this Court read Section 1440 in *pari materia* with Section 1710, suggesting that, by doing so, the statutes clearly provide for the Association's detectives to be members of the police force. Indeed, the Association argues that "it would be absurd to construe [Section 1710(b)] so that the Allegheny County police, fire department, the sheriff's department and even the probation

the age of sixty years or upwards and who has to his or her credit a period of service of twenty years or more, and every county employe who is a member of the police force or the fire department or a fire inspector, and who shall have been a county employe during a period of twenty or more years and has reached the age of fifty years or upwards shall, upon application to the board, be eligible for retirement from service....

4. The Retirement Board also argues that the function of determining eligibility for retirement has been legislatively reposed in the Retirement Board and not in the courts, and that this Court lacks subject matter jurisdiction to decide the case because of the Association's failure to exhaust administrative remedies in the form of a local agency appeal. The result of our analysis obviates the need for us to review the first argument. As to the second argument, the Retirement Board's contention raises a threshold review issue. Jurisdiction to review an agency decision may be raised at any point. The issues raised by the Association are purely legal in nature. Twice, it sought and obtained review of its legal position and, on each occasion, presented the Retirement Board with a detailed letter setting forth its legal argument. On both occasions, the Retirement Board's solicitor provided the legal interpretation and determination. Collectively, these efforts provide a sufficient basis for us to review and resolve the disputes. Given that the Association sought and obtained a legal determination from the Retirement Board, and given that there are no disputes as to factual issues, we find that the Association's decision to pursue declaratory judgment relief does not preclude our review of the underlying legal issues. *See generally* 42 Pa.C.S. § 7541 ("The General Assembly finds and determines that the principle rendering declaratory relief unavailable in circumstances where an action at law or in equity or a special statutory remedy is available has unreasonably limited the availability of declaratory relief and such principle is hereby abolished.")

5. Section 4701 of the Second Class Township Code, 16 P.S. § 4701.

officers all have early retirement, but the Detectives do not." (Association's Brief, p. 10.)

The Retirement Board responds by noting that the plain language of the statute undermines the Association's argument. The Retirement Board cites to the principle of statutory construction that "the expression of one is the exclusion of the other...." (Retirement Board's Brief, p. 10.) We agree.

█ When specific items are enumerated in a law, all omissions should be understood as exclusions. *Finkelstein v. Com.*, 61 Pa.Cmwlth. 91, 433 A.2d 146 (1981). The legislature chose, in Section 1710, to identify particular job classifications for exceptions (*i.e.*, fire inspectors, sheriffs, deputy sheriffs). It could have done so for the District Attorney detectives, or for policemen in general, but it chose not to. Since the legislature could have identified the detectives, but did not, the detectives fell within the general retirement provisions. We, thus, find no error in the trial court's resolution of this issue.

The Association raises a corollary statutory interpretation argument, citing to provisions from The First Class Township Code,[6] what is commonly known as the Police Civil Service Act[7] and The Borough Code.[8] Each of these provisions[9] uses the following virtually identical language to define "police force":

police force [as used in the respective provision] shall mean a police force or-

ganized and operating as prescribed by law, the members of which devote their normal working hours to police duty in connection with the bureau, agencies and services connected with police protection work....

The Association argues that the identical definitions indicate that the phrase "police force" has been defined uniformly and consistently in the statutes. It, thus, asserts that the same definition should apply to the provisions here. In response, the County argues that the cited provisions have no application to second class counties and that the procedures outlined in them, specifically civil service appointment and review provisions, also do not apply to the detectives. We agree with the County's argument.

Although the Second Class County Code does not specifically define police force, it does contain provisions for hiring, evaluating and promoting members of a "police force." Article XV, titled "Police, Firemen, Fire Inspectors and Employees of Jails and Workhouses," provides that "police force" members are subject to the civil service provisions of Article XV. The trial court correctly noted that these provisions vest the County Commissioners with sole authority to appoint members to the police force and require appointments and promotions to be made in accordance with applicable civil service evaluations. As noted in Section 1502 of the Second Class County Code, 16 P.S. § 1502, "No member of the police force shall be appointed, pro-

---

6. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55101–58502.

7. Act of June 5, 1941, P.L. 84, *as amended,* 53 PS §§ 53251–53277.

8. Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 45101–48501.

9. *See respectively* Section 650 of The First Class Township Code, 53 P.S. § 55650, Section 27 of the Police Civil Service Act, 53 P.S. § 53277, Section 1195 of The Borough Code, 53 P.S. § 46195.

moted, reduced in rank, suspended, furloughed, discharged or reinstated" except in accordance with the civil service provisions set forth in Article XV.

The Retirement Board and County distinguish these provisions from the detective appointment provisions of Section 1440 of the Second Class County Code, which is found in Article XIV, titled "District Attorney, Assistants and Detectives." Under Section 1440, the Detectives are hired, evaluated and fired, solely at the discretion of the District Attorney. The Commissioners have no oversight authority and the civil service provisions are inapplicable. The Retirement Board and County contend, and the trial court agreed, that these statutory differences establish that, under the Second Class County Code, the police force is not some amalgamation of persons who perform functions akin to policemen but, rather, it is an institution composed of members selected through a specific, statutorily prescribed procedure. We agree.

As ably discussed by the trial court, the authority to employ and oversee the Association's detectives is derived from different statutory provisions than those that provide the authority to employ and oversee members of the County police force. These different statutory provisions lead to two, distinct institutional entities the civil service police force and the District Attorney appointed detectives of the District Attorney's office. As discussed by the trial court, members of the police force are civil servants who are appointed by the County Commissioners following merit based civil service examinations. Additionally, the members of the police force

are overseen through an institutional chain of command with ultimate oversight by the County Commissioners. In contrast, County detectives are not required to undergo the civil service examinations, and are appointed and overseen exclusively by the District Attorney. The clear impact of these statutory provisions is the creation of a detective force distinct from the police force.

The separateness of these institutions is underscored by the placement of the provisions in different articles of the Second Class Township Code—the police force provisions in Article XV, the detective provisions in Article XIV. This conclusion is also supported by the language of § 1710, when the phrase "police force" appearing there is read in context. The phrase reads "police force or the fire department or a fire inspector or a sheriff or deputy sheriff." The last three categories of employees are identified individually—the early retirement is available to each county employe falling under the classification of fire inspector, sheriff or deputy sheriff.[10] In contrast, the first two references are to particular organizational entities, such that the members of each entity were entitled to early retirement. The phrases "police force" and "fire department" are significantly different terms from "policemen" or "firefighters." Similarly, these first two phrases are also different from "sheriff" or "deputy sheriff." The latter suggest the benefit is provided to those fitting the particular job classification, the former suggest the benefit is available to those members of the particular organization, be it the "force" or the "department." Accordingly, we find no error in the trial court's analysis of this issue.

**10.** The Second Class County Code provides for an early retirement age of 50 for members of the police force, the fire department, and fire inspectors, and for an early retirement age of 55 for sheriffs and deputy sheriffs.

Another argument raised by the Association relies on this Court's opinion in *County of Allegheny v. Hartshorn*, 9 Pa. Cmwlth. 132, 304 A.2d 716 (1973), *affirmed*, 460 Pa. 560, 333 A.2d 914 (1975). The Association argues that, in *Hartshorn*, this Court determined that the Association's detectives were police officers and, as such, were eligible to bargain collectively under the Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10, colloquially known as Act 111. The Retirement Board distinguishes the case noting that our Court, in *Hartshorn*, was dealing with the provisions of Act 111 that apply to "policemen," and not with the term "member of the police force" as it is used in Section 1710 of the Second Class County Code. The trial court agreed with the County's position and we do also.

In *Hartshorn*, this Court recognized that for purposes of collective bargaining, county detectives are policemen. Our analysis in *Hartshorn* focused on the language of Section 1 of Act 111, 43 P.S. § 217.1, which provides that "Policemen ... employed by a political subdivision of the Commonwealth ... shall, through labor organizations or other representatives ... have the right to bargain collectively." In the decision, we stated that "we find it reasonable to conclude that the appellees are 'policemen' within the common meaning and understanding of the term. Indeed to conclude otherwise would be totally unrealistic." *Hartshorn*, 304 A.2d at 719. Act 111 uses the term "policemen" because the act is intended to apply to all state, county, and local governmental bodies. Accordingly, the Allegheny County detectives were permitted to organize and bargain collectively under Act 111.

We disagree with the Association's argument that its members' status as police-

men for Act 111 purposes also make them members of the police force. Although we may have recognized the detectives to be policemen under Act 111, that determination does not render them members of the police force. The Association's argument is akin to arguing that being an attorney also makes one a member of the District Attorney's office. *Hartshorn* applied to all policemen, whether members of the police force or not. We note further that, despite our ruling in *Hartshorn*, the institutional distinctness of the District Attorney detectives from the police force was implicitly recognized by the fact that the detectives were not enabled to bargain collectively with the Allegheny County Police Force members, but were required to form their own bargaining unit.

The Association also argues that because the detectives undergo the same police training that the police are required to undergo under Act 111, this demonstrates that the detectives are members of the police force. We disagree.

We first note that the training, although required of members of the police force by Act 111, is not statutorily required of the detectives. Additionally, and more importantly, whatever similarities or differences in the responsibilities that exist between the Association's detectives and the police force members, the distinct institutional structures remain. It is these institutional differences that compel us to reject the Association's position. In short, the term "police force," as used in Section 1710, references the institutional entity of the County police force, and not some broad, theoretical classification encompassing all policemen.

For these reasons, the order of the trial court is affirmed.

### *O R D E R*

**NOW,** August 20, 2002, the order of the Court of Common Pleas of Allegheny

County in the above-captioned matter is hereby affirmed.