Harold C. YOST, Jr., Tom Bossert and Richard K. Kyle, Board of Commissioners of Clinton County, Appellants,

v.

Ted McKNIGHT, District Attorney for Clinton County.

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 2004.

Decided Jan. 7, 2005.

---

Lewis G. Steinberg, Lock Haven, for appellants.

C. Edward S. Mitchell, Williamsport, for appellee.

BEFORE: COLINS, President Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge COHN JUBELIRER.

Harold C. Yost, Jr., Tom Bossert, and Richard K. Kyle, the Board of Commissioners of Clinton County (Commissioners), appeal from a final order of the Court of Common Pleas of Clinton County,[1] that declined to enter a declaratory judgment requested by the Commissioners and, instead, entered declaratory relief for Ted McKnight, District Attorney for Clinton County (District Attorney).[2] On appeal, the Commissioners argue that the trial court erred as a matter of law: (1) in finding a distinction between a "special assistant district attorney" and a "*temporary* special assistant district attorney"; (2) by concluding that a district attorney is permitted to hire one or more assistant district attorneys (regardless of their particular designation) and commit county funds for their compensation without invoking the Clinton County Salary Board (Salary Board); and, (3) in concluding that a district attorney has the authority to hire one or more assistants and obligate county

funds to pay salaries or compensation for such person(s) when Section 1801 of The County Code (County Code)[3] provides that the Commissioners are the only parties with the authority to contract for a county.[4]

The facts in this case are not in dispute. On September 12, 2003, the District Attorney appointed Joseph E. McGettigan, III (McGettigan) to the position of temporary special assistant district attorney pursuant to Section 1420(b) of the County Code, 16 P.S. § 1420(b), to assist in the prosecution of *Commonwealth v. Smart*, No. 175–02 CR, a capital murder case. The appointment was provided by a contract between the District Attorney and McGettigan and without the approval or knowledge of the Commissioners or the Salary Board.[5]

The Commissioners objected to the appointment of McGettigan without their prior approval. On January 7, 2004, the Commissioners initiated this action by filing a complaint for declaratory judgment against the District Attorney with the trial court for the purpose of determining the appropriate procedure for such an appointment. Specifically, the Commissioners requested judgment declaring that the District Attorney cannot hire temporary special assistant district attorneys until the Salary Board has fixed the number and salary for said persons. In response,

---

1. Both Clinton County judges recused themselves. Centre County Judge Thomas King Kistler was appointed to specially preside over the matter.

2. The County Commissioners Association of Pennsylvania submitted an amicus brief in support of the Commissioners. The Pennsylvania District Attorneys Association submitted an amicus brief in support of the District Attorney.

3. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 1801.

4. We address the Commissioners' first two arguments together because they rely on the

same section of the statute and their analysis is inextricably interrelated.

5. Salary Boards are described in Sections 1620 through 1625 of the County Code, 16 P.S. §§ 1620–1625. Section 1622 states, in pertinent part, that a salary board "shall consist of the three individual members of the board of county commissioners and the county controller in counties where there is a controller, or the county treasurer in counties where there is no controller. The chairman of the board of county commissioners shall be chairman of the salary board."

the District Attorney filed an Answer and New Matter.

The matter was submitted on briefs to the trial court. The trial court determined that McGettigan was hired as a *"temporary* special assistant," pursuant to Section 1420(b), rather than a special assistant, pursuant to Section 1420(a). While a "special assistant" under Section 1420(a) requires prior approval by the Salary Board, the trial court concluded that a temporary special assistant does not, as this person is only hired for a finite period. By order and opinion dated May 21, 2004, the trial court denied the Commissioners' request for declaratory judgment. This appeal now follows.[6]

The Commissioners contend that the trial court erred, as a matter of law, in finding a distinction between a "special assistant district attorney" and a *"temporary* special assistant district attorney" as described in Sections 1420(a) and (b). They argue that the definition of "special assistant" should be gleaned from a previously deleted provision of the County Code.[7] They also argue that the trial court erred by concluding that a district attorney is permitted to hire assistant district attorneys (regardless of their particular designation) and commit county funds for their compensation without invoking the Salary Board. The District Attorney contends, on the other hand, that the language in Section 1420 is clear and free from ambiguity, and subsection (b) permits his appointment of a category of assistants not requiring the Salary Board's approval.

When construing a statute, our goal is to ascertain and effectuate legislative intent. Section 1921(a) of the Statutory Construction Act of 1972(SCA), 1 Pa. C.S. § 1921(a); *Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616 (Pa.Super.1999), *petition for allowance of appeal denied,* 561 Pa. 700, 751 A.2d 193 (2000). We must first determine whether the issue at bar may be resolved by reference to the express language in the statute, which is to be read according to the plain meaning of the words. Section 1903(a) of the SCA, 1 Pa.C.S. § 1903(a); *Commonwealth v. Lopez,* 444 Pa.Super. 206, 663 A.2d 746 (1995). We must also presume that our legislature did not intend statutory language to exist as mere surplusage. *Id.* Therefore, whenever possible, we must construe a statute so as to give effect to every word contained therein and all of its provisions. *Id.* In addition, each section of a statute must be construed with reference to the entire statute and not apart from its context, because there is a presumption that the legislature intended the entire statute to be effective. Section 1922(2) of the SCA, Pa.C.S. § 1922(2); *Galloway v. Workers' Compensation Ap-*

---

**6.** Our standard of review in a declaratory judgment action is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion. *Allegheny County Detectives Ass'n. v. Allegheny County and The Allegheny County Retirement Bd.,* 804 A.2d 1285 (Pa.Cmwlth.2002), *petition for allowance of appeal denied,* 572 Pa. 710, 813 A.2d 844 (2002).

**7.** Section 1422 of the County Code stated:

Special Assistants.--The district attorney of any county of the seventh and eighth classes and the district attorney of any county of the sixth class, wherever no regular assistant district attorney has been appointed under section one thousand four hundred twenty of this act, may, with the approval of the salary board, appoint an assistant attorney, learned in the law, to aid in the preparation and trial of any indictment for homicide or murder on behalf of the Commonwealth.

Section 1422 was deleted by Section 2 of the Act of June 18, 1998, P.L. 515.

*peal Bd. (Pa. State Police)*, 756 A.2d 1209 (Pa.Cmwlth.2000).

■ Furthermore, where one section of a statute contains a given provision, the omission of that provision from a similar section is significant to show that a different intention existed. *Commonwealth v. Bigelow*, 484 Pa. 476, 484, 399 A.2d 392, 395 (1979); *Corley v. Pa. Bd. of Probation and Parole*, 83 Pa.Cmwlth. 529, 478 A.2d 146, 149 (1984). *Cf. Shawnee Dev., Inc. v. Commonwealth*, 799 A.2d 882, 888 (Pa. Cmwlth.2002) (noting that "a change of language in different sections of a statute is prima facie evidence of a change of intent"), *affirmed*, 572 Pa. 665, 819 A.2d 528 (2003); *see also Novicki v. O'Mara*, 280 Pa. 411, 416, 124 A. 672, 673 (1924). Where the legislature includes language in one section of a statute, and excludes it in another, it should not be implied where it is excluded. *Patton v. Republic Steel Corp.*, 342 Pa.Super. 101, 492 A.2d 411, 415 (1985).

■ Taking these rules of interpretation into consideration, we can now examine the pertinent portions of Section 1420 of the County Code, which provide:

(a) The district attorney may appoint such number of assistants, special assistants or deputy assistants, learned in the law, to assist him in the discharge of his duties, *as is fixed by the salary board of the county. The salary board shall fix the salary of such assistants, special assistants and deputy assistants.*

(b) The district attorney may appoint *temporary* assistants, *temporary* special assistants or *temporary* deputy assis-

tants, learned in the law, to assist him in the discharge of his duties, *as provided by contract or other personnel agreement with the county or the district attorney ....*

\* \* \*

16 P.S. § 1420 (emphasis added.)

Section 1420(a) clearly provides the district attorney with statutory authority, subject to salary board approval, to appoint any number of assistants, special assistants or deputy assistants to assist the district attorney in the performance of his or her duties. However, the words in subsection (a), concerning salary board approval, are not present in subsection (b). Pursuant to the rules of statutory interpretation, we presume that the legislature intentionally drafted subsection (b) without these words, and it would, therefore, be improper for the Court to read them into that subsection. Since we are to read every word in the statute and give meaningful effect to *all* of its provisions, we must determine why appointments made pursuant to subsection 1420(a) require salary board approval, while those made under subsection 1420(b) do not.

Subsection 1420(b) describes the district attorney's appointment of *temporary* assistants, which is a different class of assistants than non-temporary assistants. The term "temporary" is not defined in the County Code; therefore, we must construe it according to its common and approved usage, 1 Pa.C.S. § 1903(a). Temporary is defined as "[l]asting for a time only; existing or continuing for a limited (usu.short) time; transitory."[8] Black's Law Dictio-

---

8. The length of time of a "temporary" appointment is likewise not defined in the County Code; however, we agree with the distinction pointed out by the District Attorney that temporary assistants are not officers or employees of the County, and are appointed "for a limited purpose and a limited time." (Appellee's Br. at 13, 14.) McGettigan was hired "for the purpose of doing assigned work on the case of Commonwealth v. Fabian Smart, No. 175–02 CR, until such time that a verdict has been rendered and a sentence imposed."

nary 1476 (7th ed.1999). It appears the legislature intended that the district attorney not be constrained by Salary Board approval in the appointment of *temporary* or *limited-time* assistants. In fact, Section 1420(b) allows the district attorney to appoint such temporary assistants *by contract or personnel agreement.*[9] Consequently, we agree with the trial court that the express language of Section 1420 is clear and free from ambiguity, creates two different categories of assistants and establishes different criteria for the appointment of each.[10]

The Commissioners also argue that the trial court erred in concluding that a district attorney has the authority to hire one or more assistants and commit county funds for salaries or compensation when "Section 1801 of the County Code provides that the County Commissioners are the only parties with the authority to commit to contracts for a county." (Appellants' Br. at 15)(emphasis omitted). The District Attorney counters that Section 1420(b) of the County Code enhances the ability of district attorneys to perform their prosecutorial duties on behalf of the Commonwealth without the interference of county commissioners. He also claims that, contrary to the Commissioners' assertions, Section 1801 does not make the Commissioners the sole contracting body for the county. We agree.

As previously mentioned, Section 1420(b) clearly gives the district attorney authority to contract with individuals "learned in the law, to assist him in the discharge of his duties." In addition, Section 1801 of the Code, curiously entitled "Commissioners sole contractors for coun-

(Appellee's Br., Ex. B.) He was to be "paid by the hour for services performed on a part time basis and [was] not to receive any county benefits." *(Appellee's Br. at 14.) See also* Contract between Ted McKnight and Joe McGettigan (Appellee's Br., Ex. B)(stating that "[n]o salary benefits will be provided [to Mr. McGettigan] by Clinton County other than the contracted fee herein stated").

**9.** *See also Davis, Murphy, Niemiec and Smith v. McNett*, 665 A.2d 1322 (Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 543 Pa. 718, 672 A.2d 310 (1996) (noting that approval of salary board was not needed when solicitor's claim was based, not upon his status as solicitor of county, but rather, upon a *separate agreement* he had with county Register and Recorder's Office for litigation services).

**10.** The Commissioners also argue that Sections 1620 and 1623 of the County Code, 16 P.S. §§ 1620, 1623, provide that the salary board determines the number and compensation of all persons paid out of the County treasury. They contend that these sections need to be reconciled, if possible, with Sec-

tion 1420(b). We believe Judge Kistler did that very effectively when he wrote:

> The Court determines that neither Section 1620 nor 1623 is inconsistent with Section 1420(b). Section 1620 pertains to appointed officers and employees. The temporary assistants, temporary special assistants, and temporary deputy assistants permitted under Section 1420(b) are not officers or employees of the county.... [T]hese individuals are not employees of the county, as they provide services pursuant to a contract with the county or district attorney, and do not receive county benefits.
> Section 1623 does pertain to appointed assistants, however, by its own language, it is specifically "subject to limitations imposed by law." The Court adopts [the District Attorney's] position that the provisions in Section 1420(b) permitting the appointment of "temporary assistants, temporary special assistants, and temporary deputy assistants as provided by contract or other personnel agreement with the county or district attorney" creates a limitation imposed by law. The language of Section 1623 excludes its application to the temporary special assistants appointed under Section 1420(b).

ty," [11] does not actually state that the Commissioners are the sole contracting body for the county. Rather, it provides in pertinent part: "(a) The county commissioners shall contract for and purchase **all services referred to in section five hundred eight** and **personal property** for county officers and agencies." 16 P.S. § 1801(a) (emphasis added). Section 508, entitled "Office furniture, stationery, etc.," provides in pertinent part:

> (a) The county commissioners, at the cost of the county, shall purchase and provide the office furniture, equipment and supplies, blank books, blanks, dockets, books for records, stationery, postage, fuel, light and janitor and telephone service, required for each of the county officers whose offices are located in the county buildings or at such other places at the county seat as may be designated by the commissioners, and all supplies used by the public in connection with such offices.

16 P.S. § 508. There is nothing in either of these Sections requiring the Commissioners' involvement in or approval of contracts for the purpose of engaging attorneys, or any other type of personnel, to work for the county. Further, it is clear

(Trial Ct. Op. at 10–11.)

11. Headings may be used to aid in the construction of a statute, but are not absolutely controlling. *See* Section 1924 of the SCA, 1 Pa.C.S. § 1924; *Commonwealth v. Lopez*, 444 Pa.Super. 206, 663 A.2d 746 (1995).

12. The Commissioners also cite the *Davis* case to support their proposition that Section 1801 of the County Code is not inconsistent with Section 1420(b), because both require *the Commissioners' approval* prior to entering into a contract. In *Davis*, the trial court held that the County Register and Recorder had implied authority to bind the County in contract. We reversed and held that the county commissioners would be required to approve a contract between the county Register and Recorder and a third party (law firm) pursu-

that the *specific* rule in Section 1420(b) does not conflict with the *general* provisions in Section 1801(a).[12] *See* Section 1933 of the SCA, 1 Pa.C.S. § 1933 (stating that specific provisions of statutes prevail over general provisions).

■ Thus, we agree with the trial court that Section 1420(b) authorizes the District Attorney to enter into a contract with a temporary assistant, a temporary special assistant, or a temporary deputy assistant district attorney, without salary board approval. However, this authorization is limited by the County Code.

Under Section 1701 of the County Code, the Commissioners are designated as the responsible managers and administrators of the fiscal affairs of the county. 16 P.S. § 1701; *Lewis v. Monroe County*, 737 A.2d 843 (Pa.Cmwlth.1999), *petition for allowance of appeal denied*, 562 Pa. 677, 753 A.2d 822 (2000); *Adamo v. Cini*, 656 A.2d 576 (Pa.Cmwlth.1995). One of the Commissioners' management obligations is to prepare and provide notice of a proposed budget and adopt a final budget by December 31st of each year. *See* Sections 1780–1785 of the County Code, 16 P.S. §§ 1780–1785;[13] *Lewis*, 737 A.2d at 844–

ant to the provisions of Section 1801 of the County Code. (It so happens that the contract involved was made orally and, thus, was unenforceable.)

We distinguish *Davis* from the case at bar because the Register and Recorder in that case did *not* have statutory authority to enter into a contract. We stated that "strict compliance with Section 1801 is mandatory; there can be no implied authority granted to the Register and Recorder to make a contract for the county...." *Id.*, 665 A.2d at 1325. In contrast, here, Section 1420(b) of the County Code explicitly grants contractual authority to the District Attorney.

13. Included within these *Sections* of the County Code are descriptions of the Commissioners' responsibilities concerning budgets,

45. The Commissioners also have fiscal responsibility to borrow[14] and transfer[15] money, make supplemental appropriations,[16] levy taxes,[17] and manage a capital reserve fund for anticipated capital expenditures.[18]

Given the scope and breadth of their fiscal responsibilities, it would be illogical to compel the Commissioners to provide non-budgeted funds to cover the expense of legal service contracts entered into by the District Attorney without their approval. See Lewis;[19] Cadue v. Moore, 166 Pa.Cmwlth. 450, 646 A.2d 683 (1994).[20] "Forcing" the payment of such contracts could potentially overdraw the amount the Commissioners have budgeted for the department, or cause the Commissioners to appropriate funds from other line items or other departments and levy taxes in an amount sufficient to meet the District Attorney's expenses. Id. In essence, entering an order compelling the commissioners to approve payment of such an expenditure would allow the District Attorney to "invade the province of the legislative body

including their preparation, notice, passage, adoption, publication, and amendment.

14. Section 1771 of the County Code, 16 P.S. § 1771.

15. Section 1772 of the County Code, 16 P.S. § 1772.

16. Section 1784 of the County Code, 16 P.S. § 1784.

17. Section 1770 of the County Code, 16 P.S. § 1770.

18. Section 1784.2 of the County Code, 16 P.S. § 1784.2, added by Section 10 of the Act of June 29, 2002, P.L. 677.

19. In Lewis, this Court noted, inter alia, that the county salary board must conform its salary decisions to the budget established by the commissioners for the year. Id., 737 A.2d at 849. The analysis in the Lewis case relied, in part, upon the holding in Cadue v. Moore, 166 Pa.Cmwlth. 450, 646 A.2d 683 (1994).

by applying any excess money from other departmental line items to [his legal service contracts] when those excess monies might be needed for some other purpose in the county." Cadue, 646 A.2d at 686. The County Code is clear that the District Attorney lacks the authority to do so.

■ Rather, the District Attorney is an elected officer of the county, Section 401(a)(11) of the County Code, 16 P.S. § 401(a)(11), and may enter into such contracts as at issue here, for those services for which he has funds in his budget. Otherwise, he must request that the Commissioners appropriate such funds for his use. See, e.g., 16 P.S. § 1784.

■ In this case, the District Attorney submitted an invoice for Mr. McGettigan's services dated November 18, 2003,[21] which the record shows was "mistakenly" paid by the Commissioners' staff. (Commissioners' Letter of December 9, 2003.)[22],[23] In addition, the District Attorney submitted a second invoice for Mr. McGettigan's ser-

20. In Cadue, a majority of the county commissioners refused to implement pay increases voted into place by the salary board. This Court held that the commissioners could not be legally compelled to implement salary increases where such increases would have overdrawn the amount of money the commissioners had budgeted for each department's salaries and would have required the commissioners to transfer funds from elsewhere in the budget.

21. Invoice # 1, in the amount of $16,691.00, was for Mr. McGettigan's services from September 12–November 12, 2003.

22. No one suggests that the Commissioners seek to recoup this money.

23. This letter also states that the Commissioners "will not approve any additional invoices for Mr. McGettigan until the appropriate process has been accomplished." (Commissioners' Letter of December 9, 2003.)

vices dated December 22, 2003,[24] to which he attached a letter stating, "I appreciate *your immediate attention to this matter* and would ask that this bill be paid in 2003 **since I have budgeted for the same in the 2003 budget.**" (District Attorney's Letter of December 23, 2003)(emphasis added). Therefore, because it is within his budget, this contract does not invade the province of the Commissioners. Accordingly, we affirm the order of the trial court.

### *ORDER*

NOW, January 7, 2005, the order of the Court of Common Pleas of Clinton County in the above-captioned matter is hereby affirmed.

---

**24.** Invoice # 2, in the amount of $14,696.89, was for Mr. McGettigan's services from November 13–December 20, 2003.